```
         UNITED STATES DISTRICT COURT
            DISTRICT OF MINNESOTA
           Civil No. 11-3408(DSD/JSM)
```

Christine L. Bohnhoff,

      Plaintiff,

v.                               **ORDER**

Wells Fargo Bank, N.A.,

      Defendant.

This matter is before the court upon the request for leave to file a motion to reconsider by plaintiff Christine L. Bohnhoff. Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the request.

Motions to reconsider require the "express permission of the Court," which will be granted "only upon a showing of compelling circumstances." D. Minn. LR 7.1(h). A motion to reconsider should not be employed to relitigate old issues but rather to "afford an opportunity for relief in extraordinary circumstances." Dale & Selby Superette & Deli v. U.S. Dep't of Agric., 838 F. Supp. 1346, 1348 (D. Minn. 1993).

Bohnhoff first argues that the decision of the Seventh Circuit in Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547 (7th Cir. 2012), provides grounds for reconsideration. In Wigod, the court held that a plaintiff, who was denied a permanent loan modification, had stated a claim for breach of contract based on the language of her Trial Period Plan (TPP). Bohnhoff argues that the language of the

TPP in Wigod is substantially similar to her TPP,[1] and thus the court erred in its analysis. As an initial matter, the court notes that Wigod is a Seventh Circuit case interpreting Illinois law. Moreover, even if the court were to find Wigod persuasive,[2] the cases are factually dissimilar. In Wigod, TPP payments were "timely made" and "[o]n the pleadings, [the court] assume[d] that she complied with all other obligations under the TPP." Wigod, 673 F.3d at 558. Bohnhoff, however, "discontinued TPP payments" prior to Wells Fargo approving her for a loan modification. See Compl. ¶ 22. Unlike Wigod, Bohnhoff was not in compliance with the terms of the TPP,[2] and thus even if the court were to construe the TPP as a valid contract, Bohnhoff failed to adhere to the terms of the TPP.[3]

---

[1] Both TPPs state: "If I am in compliance with this Loan Trial Period and my representations in Section 1 continue to be true in all material respects, then the Lender will provide me with a Loan Modification Agreement." See App. 1, ECF No. 13; Wigod, 673 F.3d at 558.

[2] The court takes no position regarding the holding reached in Wigod. The court is unfamiliar with the case and is without the benefit of briefing by either party.

[2] The TPP states: "If prior to the Modification Effective Date ... I have not made the Trial Period payments required under Section 2 of this Plan ... the Loan Documents will not be modified and this Plan will terminate." App. ¶ 2(F), ECF No. 13.

[3] In its April 3, 2012, order, the court noted: "[E]ven if a viable contract had formed, Bohnhoff failed to meet a condition precedent, because she stopped monthly payments." ECF No. 21, at 8 n.4.

Bohnhoff also argues that the court rested its decision on an incomplete interpretation of the TPP and an improper understanding of the National Bank Act.  As already explained, the court will not grant a motion to reconsider to relitigate issues already decided. Therefore, these claims do not provide sufficient grounds for the court to grant leave to file a motion to reconsider.

Accordingly, **IT IS HEREBY ORDERED** that the request for permission to file a motion to reconsider [ECF No. 23] is denied.

Dated:  April 20, 2012

s/David S. Doty
David S. Doty, Judge
United States District Court
